## Duane *v.* Addicks.   Pratt's Appeal.

*Judgment—Practice—Opening judgment—Act of May* 20, 1891—*Collateral securities.*

Upon a motion to open a judgment entered on a bond and warrant of attorney it appeared that plaintiff, the holder of certain mortgages, held also as collateral security the bond and warrant of a third party not the mortgagor for a large sum of money conditioned for the payment of the principal and interest of said mortgages. Upon default in payment of the interest in 1878 he sued out the mortgages and issued execution upon the judgments obtained thereon, and also entered judgment upon the collateral bond. Prior to the sheriff's sale he entered into an agreement with a third party, a stranger to the original transaction, that such third party should buy the properties, pay all the costs, and upon obtaining title should execute two new mortgages upon the premises purchased to plaintiff, he agreeing not to bid at the sale and assigning to the purchaser the judgment obtained upon the bond held as collateral. *Held,* that the order of the court in 1892, opening the judgment entered upon the collateral bond and directing a jury trial, was within the discretion of the court below and would not be reversed.

It seems that the order of court opening a cautionary judgment will not be reversed upon the ground of delay in making the motion, as such judgments are under the control of the court in which they are entered.

Argued Jan. 20, 1893. Appeal, No. 41, Jan. T., 1893, by Dundas T. Pratt, from order of C. P. No. 2, Phila. Co., June T., 1878, No. 1416, in the case of William Duane to use of Dundas T. Pratt v. J. Edward Addicks, making absolute rule to open judgment. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ.

Rule to open judgment.

From the record it appeared that in March, 1877, defendant offered for sale to the legal plaintiffs two mortgages. Plaintiffs doubted the value of the real estate upon which the mortgages were liens, and defendant, to afford them additional security, gave them his personal bond and warrant, in the sum of $4,000, containing the following recital and condition:

" Whereas, the said J. Edward Addicks has agreed to become responsible for the payment of the said principal sums and interest thereon, when the same shall become due : Now the condition of this obligation is such, that if the said Lorenzo

Taggert, the aforesaid mortgagor, his heirs, executors, administrators or assigns, make default in the payment of the said principal sums amounting together to the sum of twenty-seven hundred and sixteen $\frac{11}{100}$ dollars, or of the lawful interest thereon, at such time or times as the same is secured to be paid by the said above recited indentures of mortgage, that the said J. Edward Addicks, his heirs, executors or administrators shall and will pay such sums, both principal and interest and costs, as default shall be made in the payment thereof, within sixty days after the time of such default, and then this obligation to be void, or else to be and remain in full force and virtue."

Default was made on the mortgages, and the legal plaintiffs foreclosed them, and recovered judgments thereon. Afterwards on June 1, 1878, plaintiffs entered judgment against defendant upon his personal bond. On June 3, 1878, the two mortgaged properties were sold by the sheriff in the foreclosure proceedings, and each brought $45.18 above the costs of suit, taxes, etc. The legal plaintiffs, who were trustees, had not sufficient funds to buy in the property at the sheriff's sale. They therefore entered into an agreement with Dundas T. Pratt, by which Pratt was to buy in the properties, pay all the costs, and upon obtaining title should execute two new mortgages upon the premises purchased to plaintiff, who agreed not to bid at the sale. Plaintiffs also agreed to assign to Pratt the judgment obtained against Addicks upon the bond held as collateral. This arrangement was carried out and the transaction was completed on July 1, 1878.

On March 23, 1892, defendant obtained a rule to open the judgment, which the court, on July 8, 1892, made absolute.

*Errors assigned* were (1) in not discharging the rule; (2) in not making absolute the rule; (3) in opening the judgment.

*Paschal H. Coggins* and *John G. Johnson*, for appellant.—Defendant was guilty of laches: Kelber v. Plow Co., 146 Pa. 485; Kerns's Ap., 120 Pa. 523; Andriessen's Ap., 123 Pa. 303; Dundas's Est., 136 Pa. 318; Evans's Ap., 81 Pa. 278; Ashhurst's Ap., 60 Pa. 290. Defendant is not entitled to the relief which he now asks: Reigart v. White, 52 Pa. 438; Elkin v. Timblin, 151 Pa. 491.

*C. Berkeley Taylor*, for appellee.—This is not a proper case to invoke the doctrine of laches: Reynolds v. Lowry, 6 Pa. 465; Jones v. Dilworth, 63 Pa. 447. Pratt, being the assignee of the trustees, stood in their shoes, and as they were trustees for defendant, and were bound, when they purchased at their own sale, to account to defendant for the full value of the property, so he, standing in their shoes, must account to defendant also : Bisph. Eq. 210 ; Asso. v. Caldwell, 25 Md. 420 ; Cook v. Cook, 69 Pa. 443 ; Faust v. Haas, 73 Pa. 295 ; Himes v. Barnitz, 8 Watts, 39 ; Filbert v. Hawk, 8 Watts, 443; Jacoby v. Guier, 6 S. & R. 448 ; Williams v. Wood, 1 W. N. 412; Baldwin v. Jeffries, 2 Lanc. L. R. 20.

The creditor is regarded as a trustee of the security deposited with him for the benefit of all parties known by him to be interested in it, and is bound to administer the trust created by the deposit, unless discharged by the surety, in his relief as well as in accordance with his own interests and those of his principal: Brandt on Suretyship and Guarantee, 335 ; Hidden v. Bishop, 5 R. I. 29 ; Hereford v. Chase, 1 Rob. La. 212 ; Phares v. Barbour, 49 Ill. 370 ; Hall v. Hoxsey, 84 Ill. 616 ; Everly v. Rice, 20 Pa. 297 ; Wharton v. Duncan, 83 Pa. 40.

PER CURIAM, January 30, 1893 :

The order of the court below opening the judgment is affirmed.